May it please the Court, John Reeves for the City of Maplewood. The District Court erred below in denying sovereign immunity because the complaint plainly demonstrates on its face that the ultimate policymaker is the Missouri State Circuit Court's Municipal Division, an entity that this Court concluded in the case of Granda v. City of St. Louis is part of the Missouri State Judiciary and not part of a municipal government. Well, if that's true, that would give you a good defense on the merits because you didn't do it, but how does it get you sovereign immunity? Because Your Honor, as the Supreme Court said in Lewis v. Clark, courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first place whether the remedy sought is truly against the state. And we do that by looking at, as this Court said in 1950 in the Long case, whether a suit is won against the state is to be determined not by the fact of the party named as the And Judge Easterbrook put this the best way in the Ruman opinion involving Illinois, where he said, in other words, have the plaintiffs in effect sued the State of Illinois? And that's the same question we have to ask here. There's two separate... What do we do when they sue the city and then they lump in the courts and the clerk and the police chief and various officials? Isn't that kind of how the complaint reads? Judge Conta, when you say lump in, do you mean lump them in as named defendants or as the complainant? No, as actors who allegedly caused violations. Yes, that's what's happened here, Your Honor. There'd be no question. It's true they have not formally named the municipal division as a defendant, but you have to look at the real party and interest. And as I was saying, there's two separate but inextricably intertwined legal issues here. One, the issue of the well-established precedent in this circuit that in determining Monell liability, lower courts are not justified in presuming that the relevant policymaking authority lies somewhere other than with the relevant state law purports to put it. And as this court noted last year in the Soltes opinion very accurately and truthfully, in other words, there are no de facto policymakers, only de jure. That's the first issue, the Monell issue. The second separate but inextricably intertwined issue is sovereign immunity. Who is the real party and interest? And is that real party and interest the arm of the state? And I will admit, I freely admit, Your Honor, there does not appear, I have yet to find a single case that directly addresses this issue on the merits. I freely admit that all the cases that discuss whether the state's the real party and interest have until this day been in the context of officials suited in their official capacity. But if you look at the case law, the inevitable organic development for lack of a better term of the case law is, if a city is the formally named defendant, but the complaint demonstrates on its face not just who the policymaker is, but that the policymaker is in fact an arm of the state, then that has to mean that the state's the real party and interest. The reason for that is the only way that my friend Mr. Taylor can prevail on the merits of his lawsuit is if the district court judge finds that the municipal division of the state circuit court is in fact the policymaker. Because we have several, all the actions here concern the issue of warrants, the saying or revoking of bonds, the appointing or denying of counsel, the imposition of fines for ordinance violations, and the judge's decision to incarcerate an individual if... And you say those are all done by the court. Yes. What if he adds in, you know, that the city manager told me that if I came, I'd be arrested, or, you know, there's a few allegations like that added in with non-court actors. Sure. And what do we do about that? How do we then figure out who's the real party and interest? That doesn't change who the real party and interest is, because the fact is, if we, a determination that, well, the law may say only the judge can do this, but the municipal judge was pressured by the state manager. That would mean that the city manager, even though he had no legal authority to issue the warrants, was the de facto policymaker, and the Soltes opinion precludes that. The Propratnik case, the city of St. Louis precludes that. And this is identical to the Egger case from the Ninth Circuit, which this court's own late Judge Donald Lay wrote while sitting by designation in 1994. He put this issue perfectly. He said, the crucial factor is whether under state law, the acts in question were performed under the municipality's or the state's authority. And he noted also that officials can act on behalf of more than one government entity. Now, to further elaborate on your question, Judge Carlton, because I fully recognize it as a serious one. Well, what if a municipal state government, the council, or the mayor, is informally pressuring a judge? Well- Is that what you think they're alleging, that those people are pressuring the judges? That is all they can allege, two answers to that. One, I do believe that is what they're alleging. And second, that's all that they can, that's the best that they can allege as a matter of law. Because, to back up from it, I'm not saying that they have to identify who the policymaker is in the complaint to plead a Monel claim. This court in the Crumpley-Patterson case clearly said you don't have to do that. But if the policymaker's identity is apparent from the face of the complaint, and if that policymaker is in fact an arm of the state, dismissal under grounds of sovereign immunity is appropriate. I would liken this to how cases are sometimes dismissed under the Statute of Limitations. We all know that the Statute of Limitations is an affirmative defense. A plaintiff doesn't have to affirmatively plead in his complaint that the cause is within the Statute of Limitations. The defendant has to raise it as affirmative defense. But having said that, if it's clear from the face of the complaint that the cause is outside the Statute of Limitations, from the dates in the complaint, that no amount of effort on the part of the plaintiff of saying, just this is within the Statute of Limitations, can change that. A dismissal for failure to state a claim is proper. Now, to further elaborate on your point, Judge Caldwell, even if the municipal government is somehow informally pressuring the judge, that does not change the fact that the municipal government has no legal authority to take the actions. And the state cannot be liable, because Monell has been clear, there cannot be any respond yet superior liability. The best case I have found that has directly looked at this issue is a case from the Northern District of Alabama, which is in my brief, Ray versus Judicial Correctional Services. And the judge there points out, to the extent this is an issue of the judge giving into pressure by the city or what not, that goes to the judge's dereliction of his duties to be independent. That it does not establish that the city had the legal authority to do this. And just to step back on why I missed the forest for the trees here. In making this argument, I am Maple, I am not in any way saying that this issue, this item is a very politically sensitive issue of municipal court reform is not important. I mean, the allegations are accepted as true. I mean, I'm not saying any comment on the merits of the allegations. I am not saying that cities should just be able to rely on this and do whatever they want. Municipal court reform is obviously extremely important, but that's not what the issue here is. The issue here, your honors, is whether section 1983 is the proper tool for the plaintiffs to use to achieve what they certainly claim, and I don't fault them for it. Suppose he stands up and says, well, we're not claiming that the municipal court was a policy maker. We're claiming that these other people are, and the question then is just whether we've stated a claim, and that's not appealable. Well, it's inextricably intertwined with the sovereign immunity issue, because I would say, to answer that question, two parts, your honor. First of all, because- Did Judge Perry really look at it that way? No, she did not, your honor. In fact, and with full respect to Judge Perry, she's an outstanding judge. She, in her analysis, and this is on, the key part is on page, I apologize, your honors, on pages 881 of the judgment, she said the plaintiffs don't just allege that this was done by the municipal court. It was also driven by policies and practices implemented by the city and executed through the city clerk, city manager, police department, city attorney, all of whom act under authority of the city council. Well, with regard to the saying and revoking of bonds and bail, they don't act under the authority of the city council. As Judge Lay noted, officials can act on behalf of more than one entity. A sheriff may act on behalf of a county for certain instances, but if a judge orders him to execute an arrest warrant, he is acting on behalf of that judge. So, what Judge Perry did in this case, unfortunately, she did the exact thing that this court insult has, and the Supreme Court have told district judges not to do. She improperly presumed that the relative policymaking authority lied somewhere other than where the relevant law purported to put. That's the first part to your answer, Judge Question. Going to the second part of your question, Judge Carlton, whether will they stay at a claim, and that's different from sovereign immunity. Whether they stay at a Monell claim sufficient to hold liable policymaker outside of the municipal division is inextricably intertwined with whether sovereign immunity applies. Justice White put this the best way in Mitchell v Forsyth, and here's what we wrote. And this is on pages 520 to 529 in footnote 10 of Mitchell v Forsyth. While a question of immunity is separate from the merits of the underlying action, a reviewing court must nevertheless consider the plaintiff's factual allegations in resolving the immunity issue. Accordingly, a proper review of an immunity claim, and here's the key language. A proper review of an immunity claim requires an inquiry into whether the plaintiff's factual allegations state a claim that falls outside the scope of the defendant's immunity. So in other words, this court has pended appellate jurisdiction over the merits of the Monell claim to the extent it needs to review it to see, do the allegations state a claim against an entity other than the municipal division? And they do not. The reason for that is, having identified on the face of the complaint what their alleged wrongs are, the issuance of warrants, bonds, fair to appoint counsel. Because it's undisputed that Missouri law vests that entity with the municipal division as an arm of the state. They cannot get around that allegation of Missouri law, that conclusion by simply saying this was done pursuant to an unlawful policy and custom. Because simply saying that cannot change what Missouri law is. In this context, just saying the term policy and custom is a legal conclusion condemned by Iqbal. Again, just to be clear what I'm saying here, I'm not saying that they have to identify the policy maker. What I'm saying here is that the policy maker's identity is clear on the face of the complaint. Well, isn't your argument really that they sued the wrong entity, the wrong party? And isn't that a defense on the merits? That's part of it, but not all of it, your honor. Because the fact is, the only way they can prevail in this case is if the judge concludes that, as we know in the Soltes opinion, the policy maker's identity is a legal issue that the judge has to determine before the case goes to the jury. The only way they can prevail is if the judge identifies the municipal division of the circuit court as the policy maker. That will have the legal effect, regardless of who the formally named defendant is, of holding the municipal division liable for these alleged actions. And I think, I thought you were saying, it's not that they sued the wrong defendant, it's that the defendant they sued, in effect, in reality, is the municipal court. Yes, and I should clarify, Judge Caldwell, what I meant by that is that they sued the wrong defendant in the sense that none of their allegations get beyond the proper real party and interest, that the real party and interest is the municipal division. And because none of the allegations get beyond the municipal division on the face of the complaint, then the fact is that sovereign immunity bars this. The Supreme Court came close to examining this, well I won't say close, but the Supreme Court hinted at this issue in Kentucky v Graham in 1985 on page 166. And they made this in the context of discussing what an official capacity claim is, and Justice Marshall said this. And before I quote, I'll say this was a case where a state official was sued in his official capacity. This was not in of itself a Monel claim, so bear that in mind when I quote this. In an official capacity suit, the entity's policy or custom must have played a part in the violation of federal law. And he quotes Monel in support of that. So even in an official capacity lawsuit, the issue is you can only have liability if there's unlawful policy or custom. And I readily admit that this is an issue of first impression. I have not found a case that has expressly even addressed this. We have on one side cases where the municipal divisions are named as the official entities, they assert sovereign immunity. You have cases on the other side, like the Egger case, which where the municipal division wins summary judgment on the merits, and they appeal. I admit I have not found a case that combines those two into what I think is the next logical step, which is, because it's undisputed that for any entity, be it state or municipality, to be liable under section 1983, the alleged wrongdoing has to be the result of an unlawful policy or custom. Because of that, it has to, and because you have to look at who the real party and interest is, it has to logically follow that if a complaint formally naming a municipality nevertheless demonstrates on its face that the policy maker is in fact a state entity, then that is in fact, then the suit is in fact against the arm of the state and sovereign immunity applies. And having said that, I'll reserve the remainder of my time for a moment. Thank you. All right, very well. Thank you for your argument. Mr. Taylor, we'll hear from you. Thank you, Your Honor, and may it please the court. Jonathan Taylor for the plaintiff's appellees. This appeal raises two questions. Number one, does sovereign immunity bar a suit alleging Monell claims against the city? And then number two, does this court have jurisdiction to decide anything other than that issue? The answer to both questions is a resounding no, and I'd like to start with the first. On the sovereign immunity point, when a plaintiff sues a city, seeking relief from the city based on a Monell theory of liability, sovereign immunity is inapplicable. That is our rule, and I thought that that was already plucidly clear before this case from this court's cases and the Supreme Court's cases. But as this appeal shows- The city is the defendant, but in effect, sue the court, whether the analysis changes. I don't think the sovereign immunity analysis changes. I think on the merits that you might lose that case, as Judges Arnold and Shepherd noted. But let me try to say why I don't think that- What about the real party and interest question? Well, I think if you want to do the real party and interest analysis and look to a case like Lewis v. Clark, which I think points the way on this. I think that you would first understand that in a Monell case, the plaintiff is seeking relief from the city, seeking to hold it liable for having imposed a municipal policy or practice. And one or two things can happen with that suit. Either the city can win or the city can lose, but either way, the state is not implicated. So let's say first the city wins that suit, perhaps because there's no municipal policy that is attributable to the city rather than the court or the state system. In that circumstance, there's going to be no liability against the city, and the city won't have to pay a judgment, and neither will the state or anyone else. The other possibility is that the city could lose. But here's the thing about that judgment in that case. It will be entered only against the city, and only if there's first been a finding that the city has an unconstitutional policy by itself that it caused, and that for which it can be responsible. And in that scenario, to quote the Supreme Court's decision in Lewis against Clark, the judgment will not operate against the state. All that is going to happen is the city is going to have to simply change its policy or compensate the plaintiffs for the harm that the policy caused them. But either way, the case will not require action, and this is another quote from Lewis against Clark, by the sovereign or disturb the sovereign's property. And so there is no sovereign immunity, hence the settled rule that sovereign immunity does not bar a Monell claim. And my friend, in a moment of admirable candor, admits that he does not have a case on his side, and there's a reason for that. This case should not become the first. And so that leaves just one more issue for this court, and that is, is there appellate jurisdiction to address Maplewood's argument, which I think really the thrust of this whole appeal, the reason we're here and not still downstairs, that the district court erred by finding that the 57-page complaint in this case adequately alleges a municipal policy. And there is not jurisdiction to answer that question. Under this court's precedence, pendant jurisdiction exists over an issue that's ordinarily not immediately appealable, quote, only when the appellate resolution of the collateral appeal necessarily results the pendant claims as well. That's what this court stated in Shannon against Kohler from 2010. I'll give you the pin site because I neglected to cite it in our brief. It's 616 F3rd 855 at page 866, and it's just quoting an earlier case there too. And so that's the test, no pendant jurisdiction if the appellate resolution of the collateral issue does not necessarily resolve the pendant issue as well. And I think as I just demonstrated, resolving the sovereign immunity question in this case does not necessarily resolve the liability question that my friend is pressing. For sovereign immunity, you just have to know a couple of things. Is it a suit against the city? Is it seeking relief against the city? Is it a male claim? If the answer to all those questions is yes, then there is no sovereign immunity. And I think there's no sense in making it more complicated than it is because- Well, what concerned me was in your prayer for relief, you just said, well, the notice against Clark says if relief only operates against the municipality, then there's no sovereign immunity. But in your prayer for relief, don't you ask for declaratory judgment that the municipal courts are violating rights by denying access to the courts, by imprisoning people, by holding people, by issuing arrest warrants? Aren't all those things that were done by the courts? I think if you got to the relief stage of the case, you'd have to first find that there is a municipal policy, and then I think the relief would have to be tailored to whatever the municipal policy was that was found to be unconstitutional. And if it turned out that the facts were such that the municipality was sort of exerting control over the municipal court, it could be that relief just against the municipality would be enough. And I think it might be that you just have to tailor the relief in that case. But I don't think it would affect the ultimate sovereign immunity question. Is it a theory that the municipality is exercising control over the state courts? Well, I mean, I just want to be clear, this is not a sovereign immunity question. We're now in the territory of determining what the theory of liability is, a question that is not ordinarily appealable. Well, that's how you characterize it. But it might be relevant to figuring out who's the real party in interest. But go ahead. Well, I think what you look to, just real quickly on the point that this court does have jurisdiction over it, so I really want to make sure I am forceful on this point. I think if you want to know what the real party in interest, you just look to the complaint. And if the complaint is seeking relief from the city, and maybe some of the declaratory relief in this case is against the municipal court. Now, I think even under an ex parte Young theory, you could get declaratory relief or injunctive relief against the state without there being a sovereign immunity bar anyway. So I'm not sure how far that would get you. But I think that if you have a case where the relief is being sought against the city, the theory of liability is Manel. There is no sovereign immunity. It's just a liability question. Maybe you've got a good, maybe the city has a good defense on the merits, but it's not a sovereign immunity question. And I think it is worth keeping the analysis distinct, because there's a big difference between a defense on the merits and as to liability, and then having the ability to raise an immunity defense. Because an immunity defense is something that only sovereigns have, or that the employees or officials of the federal or state government have, and maybe the municipal government as well, if they're sued in their individual capacities. And it's the kind of argument that if it's rejected in the lower court, you can go upstairs immediately. And that's what happened here. But a defense as to liability is just, you know, if you lose that, then the case just proceeds. You can't take an immediate appeal. And I think, you know, obviously when you're trying to argue that two issues are inextricably intertwined, as my friend is doing here, it's in your interest to mess up the doctrine and make it really, really complicated. But it's actually quite simple here. You just look at three things. Is it a suit against a city? Are you seeking relief from the city? Is the theory of liability Monell? Okay, no sovereign immunity. If there are no further questions, I'll rest on my papers. Thanks. All right, Mr. Reeves, we'll hear from you in a moment. Several things, Your Honors. First, while I appreciate my friend Mr. Taylor's kind comments about my candor, I wouldn't agree with his characterization that I admit that I have no case in my favor. My point is that all the cases point towards my conclusion, but my view is that no cases explicitly address this matter in the first place. This appears to be a mere first impression. But, Judge Carlton, you actually now hit the nail on the head. You noted that the plaintiffs in their complaint seek injunctive, prospective injunctive relief. They want a reform as to the judicial and quasi-judicial actions that only the court has the authority to undertake. That includes the issuance of warrants, saying or revoking of bond, appointing or failing to appoint counsel. The only authority under Missouri law that can take the reform of those actions is the Missouri Circuit Court. They cannot have it both ways. They cannot, on the one hand, formally name the city as the formal defendant, and then in the body of their paragraph claim they want prospective injunctive relief as to the municipal division of the circuit court's judicial and quasi-judicial acts, and then at the same time claim they're not seeking any relief that would legally operate against the municipal division. Any prospective injunctive relief regarding these actions would have to operate against the municipal division because that division is the only entity as an arm of the state that has the legal authority to take these actions. My friend also mentioned Ex parte Young. That actually works against him because in Ex parte Young you have to sue a named official, not just the entity, a named official in his official capacity for prospective injunctive relief. The only named official that they could sue to get the relief they want in this case under Ex parte Young is the municipal judge. Only he has the authority to carry out the prospective changes that they want. So they won't be able, if the case proceeds, in your view, they will not be entitled to that relief? Again, isn't this just arguing the merits of the lawsuit and the availability of relief? No, Your Honor, because the effect of this lawsuit is to subject the municipal circuit court to discovery about the very policies and about the very judicial actions that are at issue in this case. The whole point of sovereign immunity is immunity not just from liability but from immunity from suit. As I said, the heart of this complaint is they seek liability and prospective injunctive relief on the judicial and quasi-judicial actions of the municipal court. Of its very nature, that means that they're asking the court and its personnel to engage in discovery and litigation. This is exactly the type of, it's an attempt to get a runaround around sovereign immunity. There's plenty of cases where the municipality's been named, a formerly named party, and then they've also added the municipal division of the circuit court as a separate entity. In those cases, the courts, they've allowed interlocutory appeal on the municipal division's claim of sovereign immunity. I found, well, because all the actions originate with the municipal division, we have pendent appellate jurisdiction over the seat itself because since we found as a matter of law that all the alleged wrongdoing originates with the municipal division and that division is entitled to sovereign immunity, there's nothing left for them to claim against the municipality. So we have pendent appellate jurisdiction because of this. But here they just left out the municipal division as a defendant and sued the municipality only. I'm sorry? Here, the difference is they didn't add the municipality. That is, yes, that is the only difference. It is, despite my friend's admirable and very able arguments to the contrary, the fact is that this is just a hyper-technical attempt to get a run around sovereign immunity. It would basically enable any party to proceed against an arm of the state simply by formally naming a non-state eddy, but then the body of the complaint alleges everything against that eddy. And having said that, I ask this court- Let me ask you- Yes, absolutely. Is there any way that this case could be narrowed to protect the sovereign immunity of the municipal court, but to let the plaintiffs proceed with whatever they might try to claim against the purely municipal actors? I certainly, if, let me put it this way, if there is a way to do it, I have not been able to figure that out yet because, and I say that because I would love to find a solution where that would happen. But I cannot see how that's possible because all of their actions, again, originate with the judicial and quasi-judicial actions of the municipal division. If you take those actions out of the complaint, there is literally nothing left to form the basis for any of their constitutional wrongdoings. It's like, to use a comparison, it's like if you remove an engine of a car, let's just remove the engine of the car to operate that, but you could still drive it for the weekend. It doesn't work like that. Once you remove this heart of it, there's no claim left on the merits against the city itself. So, having said that, I thank the court for your time. All right. Thank you both for your arguments. The case is submitted and the court will file an opinion in due course. You may be excused.